UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| STUART CLAY COLE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:25-CV-00071 |
| | § | |
| WARDEN, S.C.P. THREE RIVERS, | § | |
| | § | |
| Respondent. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court are Respondent's Motion for Summary Judgment (D.E. 17) and Petitioner's Cross-Motion for Summary Judgment (D.E. 21). On January 21, 2026, United States Magistrate Judge Jason B. Libby issued a Memorandum and Recommendation (M&R, D.E. 22), recommending that Respondent's motion (D.E. 17) be granted, Petitioner's motion (D.E. 21) be denied, and this case be dismissed. Petitioner timely filed his objections (D.E. 25) on February 4, 2026, under the prison mailbox rule.

Petitioner's argument in his habeas corpus action flows as follows:

1. The First Step Act of 2018 (FSA), 18 U.S.C. § 3632(d)(4), provides that inmates may earn time credits (FTCs) toward early release by successfully participating in Evidence–Based Recidivism Reduction (EBRR) Programs or Productive Activities (PA) during the time they are in BOP custody.

2. The BOP is required to provide EBRRs and PAs throughout an inmate's BOP custody under 18 U.S.C. § 3621(h)(6).

3. The time spent in BOP custody is defined by 18 U.S.C. § 3585(a) as including time spent in transit to BOP facilities.

4. The BOP—in contravention of § 3585(a)—improperly promulgated a rule, 28 C.F.R. § 523.41(c)(4)(iii), that treats inmates in transit, categorically, as

    not successfully participating in an EBRR program or PA (or as ineligible to earn FTCs during that time). *See, e.g., Sharma v. Peters*, 756 F. Supp. 3d 1271, 1284 (M.D. Ala. 2024) (holding the BOP regulation unlawful and citing cases).

5. Pursuant to the allegedly unlawful rule of § 523.41, Petitioner was deemed ineligible and did not earn FTCs during 117 days he spent in transit between BOP facilities.

6. Nevertheless, during that time, he claims that he successfully participated in a PA by working as a unit orderly in a facility's Psychology Department.

7. Therefore, he is entitled to FTCs for the time he worked in the Psychology Department.

D.E. 20, 21, 25.

    The M&R disagreed, concluding:

A. The requirement of providing EBRR or PA programming does not extend to every single day of incarceration, citing *White v. Warden of Federal Correction Institution-Cumberland*, No. 23-7116, 2026 WL 89397, at *1 (4th Cir. Jan. 13, 2026) (such a rule would defy common sense given that the inmate must be able to participate to earn credits) (disagreeing with Petitioner's items 2 and 3);

B. There is no binding or persuasive precedent for treating the BOP regulation as unlawful (disagreeing with Petitioner's item 4), and citing *Pierce v. Lemaster*, No. 24-7-DLB, 2024 WL 439447, at 2 (E.D. Ky. Jan. 27, 2024) (holding the BOP exclusion of transit time as proper and citing cases);

C. There is insufficient evidence that Petitioner, in fact, worked while in transit status, that the work was an approved PA, or that he requested credit for that time sufficient to controvert Respondent's evidence that there was no such programming available or that there is no record that Petitioner successfully participated in any such program (disagreeing with Petitioner's item 6); and

D. Petitioner has received the maximum 365-day benefit toward early release to supervised release and any additional days can be applied to eligibility for prerelease custody, such as a residential reentry center or home confinement. Because the earning and application of FSA time credits involve numerous conditions both within and outside the inmate's control, they do not implicate a liberty interest. *See* 18 U.S.C. § 3624(g)(3); *see also Vargas v. Rivers*, No. 24-10703, 2025 WL 1380067, at *1 (5th Cir. May 13, 2025).

Petitioner's first objection is that the Magistrate Judge failed to address the merits of his case. D.E. 25, p. 1 (addressing Petitioner's items 2-4 and M&R items A and B). In particular, he complains that the M&R does not follow the reasoning in cases he previously cited, but he does not cite those cases in his objections. An objection that merely seeks to rehash previous arguments is improper. *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993) (finding that right to de novo review is not invoked when a petitioner merely re-urges arguments contained in the original petition).

Moreover, contrary to Petitioner's argument, the M&R did not "go silent" on these cases. Rather, the Magistrate Judge found them nonbinding, unpersuasive, and contrary to other, more persuasive cases. The M&R did address the merits of Petitioner's claims and the objection is **OVERRULED**.

Second, Petitioner objects that the M&R ignores BOP Director Colette S. Peter's superseding directive of November 18, 2022,[1] regarding the assessment of "programming days." D.E. 25, p. 2 (addressing Petitioner's item 4 and M&R item B). Petitioner references "Exhibit F D.E. 20 and 21." The only document that appears there is incomplete, ending as the directive begins to discuss the relevant terms for earning FTC credits. A review of that entire directive does not change the relevant terms of 28 C.F.R. § 523.41, by which days in transit are excluded from FTC earning status. The directive simply repeats or explains those terms.[2] Petitioner's second objection is **OVERRULED**.

---

[1] While the objections reference the date of November 18, 2024, the incomplete directive submitted as an exhibit to his summary judgment response is dated November 18, 2022. D.E. 20-1, p. 12.

[2] *See* https://www.bop.gov/policy/progstat/5410.01_cn2.pdf, page 15 (last visited February 23, 2026).

Third, Petitioner objects that summary judgment was inappropriate because of the disputes recited in his first two objections. D.E. 25, p. 2. For the same reasons set out above, this argument has no merit. Moreover, the Court notes that Respondent's motion should be granted and Petitioner's motion should be denied for the independent reason that Petitioner has failed to object to the M&R's conclusion that he has not proven that he participated in a PA during his time in transit and that he has not set out a violation of any liberty interest. Therefore, the Court **OVERRULES** Petitioner's third objection.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Petitioner's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Petitioner's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Respondent's motion for summary judgment (D.E. 17) is **GRANTED,** Petitioner's cross-motion for summary judgment (D.E. 21) is **DENIED**, and this petition for writ of habeas corpus is **DISMISSED**.

**ORDERED** on February 24, 2026.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE